No. 2791

Second Circuit

———

STATE EX REL. SCOTT v. RATCLIFF

———

(Feb. 24, 1927.  Opinion and Decree.)

———

(*Syllabus by the Court*)

1. Louisiana   Digest—Appeal—Par.   475;
   Courts—Par. 164. 165.

Act No. 19 of 1912 does not fix the time
   within which the record in a case
   transferred from the Court of Appeal
   to the Supreme Court shall be lodged
   in that court.  Therefore, on motion
   of appellant that Court of Appeal fix
   date within which to lodge record in
   Supreme Court, the record is ordered
   returned to the district court without
   prejudice of either party.

Appeal from the First Judicial District
Court of Louisiana, Parish of Caddo.  Hon.
T. F. Bell, Judge.

Action by State of Louisiana, on the
relation of John Scott, against Clem V.
Ratcliff.

There was judgment for defendant and
plaintiff appealed.

On motion to fix date within which
plaintiff, appellant shall lodge the record
in this case in the Supreme Court, in de-
fault of doing which his appeal shall stand
dismissed; judgment ordering record re-
turned to District Court.

Herndon & Herndon, of Shreveport, at-
torneys for plaintiff, appellant.

Edward Barnett, of Shreveport, attorney
for defendant, appellee.

REYNOLDS, J.   On November 6, 1926,
we ordered this case transferred to the
Supreme Court, under the authority of Act
No. 19 of 1912.

Our judgment did not fix any time
within which the appellant should lodge
the record in that court, and the appellee
has asked that we now fix such time and
that in default of appellant complying
therewith his appeal be dismissed.

Act No. 19 of 1912 does not fix the time
within which the record in a case trans-
ferred by this court to the Supreme Court
shall be lodged in that court.

In Landry vs. McWilliams, 135 La. 655,
65 South. 875, the Supreme Court said:

"Act No. 19 of 1912, under the authority
of which the transfer was ordered, amends,
re-enacts, and supercedes Act 56 of 1904,
and does not require that the order of
transfer shall fix a return day, or that it
shall be predicated upon an affidavit; and
it is silent in regard to method to be
adopted in bringing the appeal to this
court.  Inasmuch, however, as the proper
place for the original record, whereby the
appeal was taken to the Court of Appeal,
is the district court, it appears to us that
appellants acted reasonably in having a
transcript made to be lodged in this court.
"The motion to dismiss is therefore over-
ruled."

Under this authority our judgment here-
tofore rendered is correct, and without
passing upon the question as to whether
or not we could, before having divested
ourselves of jurisdiction of the case, have
fixed a time within which the appellant
shall lodge the record in the Supreme
Court, we are without jurisdiction to do
so now, and being without jurisdiction to
do so, the clerk of this court is ordered to
return the record in the case to First Judi-
cial District Court of Louisiana, in and
for the Parish of Caddo, without prejudice
to the right of either party, to there take
such action in the premises as he may see
fit.